NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANA G. CULLINAN,**
*Petitioner,*

v.

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2011-3186

---

Petition for review of the Merit Systems Protection Board in case no. DE0752030500-C-1.

---

Decided: December 14, 2011

---

DANA G. CULLINAN, of Glendive, Montana, pro se.

CHRISTOPHER A. BOWEN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before LOURIE, SCHALL, and PROST, *Circuit Judges*.

PER CURIAM.

Dana G. Cullinan appeals from a decision of the Merit Systems Protection Board ("Board") finding that the United States Postal Service ("USPS") did not breach a 2004 settlement agreement with Ms. Cullinan when it reduced her schedule from thirty-eight hours to twelve hours per week. *Cullinan v. U.S. Postal Serv.*, DE0752030500-C-1 (M.S.P.B. Oct. 20, 2010) ("*Initial Decision*"), *petition for review denied*, (M.S.P.B. May 27, 2011) ("*Final Order*"). For the reasons set forth below, we *affirm*.

## I. BACKGROUND

Ms. Cullinan began working for USPS in 1987. In 2002, she suffered an on-the-job injury to her back that led to certain medical restrictions. In early 2004, Ms. Cullinan was subjected to an adverse action that resulted in an appeal to the Board. Ms. Cullinan and USPS settled the appeal in March 2004 and entered into a settlement agreement. Under the terms of the agreement, Ms. Cullinan began working as a Part-Time Regular Distribution Clerk in the Sydney, Montana Post Office for thirty-eight hours per week. The agreement does not specify its duration. In 2010, USPS reduced Ms. Cullinan's hours from thirty-eight to twelve hours per week purportedly because of its National Reassessment Process ("NRP").

On April 7, 2010, Ms. Cullinan filed a petition for enforcement of the settlement agreement, arguing that USPS breached its obligations under the agreement by reducing her weekly hours. An administrative judge at the Board issued the Initial Decision on October 20, 2010, denying the petition. The judge found that the implemen-

tation of the NRP was a legitimate management action that was not contemplated by the parties when they entered into the settlement agreement in 2004 and that the reduction in Ms. Cullinan's hours "as part of the NRP was an independent and legitimate management action which was not precluded by the terms of the settlement agreement." *Initial Decision*, slip op. at 4. Ms. Cullinan then filed a petition for review, and the Board denied her petition on May 27, 2011. *Final Decision*, slip op. at 5. The decision of the administrative judge then became the decision of the Board.

## II. DISCUSSION

This court's review of a decision of the Board is limited by statute. 5 U.S.C. § 7703(c); *O'Neill v. Office of Pers. Mgm't*, 76 F.3d 363, 364-65 (Fed. Cir. 1996). We may reverse a decision of the Board only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). On appeal, Ms. Cullinan asks us to review the arguments she made in her Petition for Review of Initial Decision. Ms. Cullinan additionally contends that the administrative judge's analysis of *Parkman v. U.S. Postal Service*, 66 M.S.P.R. 410 (1995), was incorrect. Based on our review of Ms. Cullinan's petition and the relevant record in this case, we conclude that the Board did not commit reversible error in denying her petition for enforcement of the settlement agreement.

In *Parkman*, the Board identified certain considerations for determining whether an agency breached a settlement agreement that is "silent as to the time or duration of performance":

> Where, as here, a settlement agreement is silent as to the time or duration of performance, the Board has consistently held that a reasonable time under the circumstances will be presumed. However, in deciding whether the agency has complied with the terms of the agreement, the Board will look beyond simply the length of time of compliance and make an assessment of the overall attendant circumstances, including the motives of the agency in reassigning the employee following a settlement agreement and its efforts to minimize any harmful effects on him.

66 M.S.P.R. at 413 (citations omitted). Additionally, as the party asserting the breach of the settlement agreement, Ms. Cullinan bears the burden of proving that USPS breached the agreement. *Id.* at 412.

In this case, substantial evidence supports the Board's decision that USPS did not breach the settlement agreement. Before the administrative judge, USPS presented evidence through the declaration of USPS Health and Resource Management Specialist, Shantel Castellion, that USPS implemented the NRP in response to declining mail volume and increased and improved automation. The purpose of the NRP, according to Ms. Castellion, was to ensure that employees with on-the-job injuries were performing operationally necessary work. Ms. Castellion further stated that in the first phase of the NRP process, the District Assessment Team ("DAT") responsible for implementing the NRP in the Sidney Post Office identified limited-duty employees and provided them with an interim work assignment based on the available work and the employee's medical restrictions. DAT identified Ms. Cullinan as a limited-duty employee and determined that approximately five hours of her day was inefficiently

spent performing administrative duties normally performed by a postmaster.

According to Ms. Castellion, DAT reviewed Ms. Cullinan's medical restrictions and the necessary work available at the Sidney Post Office and ultimately concluded that Ms. Cullinan could perform a 2.5 hour afternoon shift which would reduce her hours on an interim basis from thirty-eight to twelve hours per week. Ms. Castellion also explained that DAT concluded that other shift options, such as a split morning and afternoon shift, were not an option for Ms. Cullinan because of certain provisions in the applicable collective bargaining agreement. Nor was window work considered for Ms. Cullinan due to her work restrictions. Moreover, even if Ms. Cullinan could perform such work, Ms. Castellion represented that the funding to train Ms. Cullinan for window work was not available under the first phase of the NRP. USPS also submitted additional documentation to the administrative judge in support of Ms. Cullinan's declaration.

In his *Parkman* analysis, the administrative judge considered the "overall attendant circumstances," *Parkman*, 66 M.S.P.R. at 413, based on the evidence presented and determined that USPS did not breach the settlement agreement. The judge emphasized that USPS complied with the settlement agreement for six years. *Initial Decision*, slip op. at 5. He further found that the implementation of the NRP was unforeseen at the time Ms. Cullinan and USPS entered into the settlement agreement and that the NRP provided a legitimate reason, i.e. motive, for reducing the hours previously afforded to Ms. Cullinan under the agreement. *Id.* at 6. As the Board explained in discussing the administrative judge's decision, the implementation of the NRP is relevant under

*Parkman* for assessing whether USPS acted in bad faith in reducing Ms. Cullinan's hours. *Final Order*, slip op. at 4.

The administrative judge's analysis was consistent with *Parkman*, and, based on our review of the record, we conclude that the judge's factual findings are supported by substantial evidence. Thus, the Board's decision to deny Ms. Cullinan's petition for enforcement of the settlement agreement was not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law. In light of the deference we must afford to the Board, we find no reason to reverse the Board's decision.

We have considered Ms. Cullinan's remaining arguments and find that they similarly lack merit. Consequently, the Board's decision is affirmed.

COSTS

Each party shall bear its own costs.

**AFFIRMED**